Manuel W. Levine, J.
This is a surplus money proceeding brought by the Nassau County Welfare Department to determine who is entitled to a surplus of approximately $1,110.11 as a result of an execution sale by the Sheriff. Community Capital Corp. and the county are the only claimants at this time.
Ronald T- Phillips and Virginia Phillips, his wife, received assistance from the Nassau Department ol Public Welfare commencing on June 7,1962. A bond and mortgage in the amount of $7,500 on premises known as 246 Thelma Avenue, Merrick, New York, was executed by the Phillipses, as mortgagors, to the Board of Public Welfare, as mortgagee, on July 27, 1962, and recorded on August 3, 1962. Simultaneously, a deed was executed to said board, as grantee, as was an agreement whereby the Rranklin National Bank was to hold said deed during the lifetime of the grantors and °n their death to be delivered to the Board of Public Welfare. Thereafter, Gulf Oil Corp. obtained a judgment, in the amount of $1,841-04 against the Phillipses, which was filed on or about March 25,1963. At this time the Department had advanced $93346. As of January 1, 1966, the Department of Public Welfare bad advanced $8,785.26. In the month of June, 1966, Gulf Oil Corp. issued execution to the Sheriff and an execution sale was conducted on or about August 24, 1966. Notice of the execution was not given to tbe Board of Public Welfare as required by statute (CPDR 5236, subd. ¡>1).
Community Capital Corp., upon learning about the execution in June of 1966, made preparations to purchase the property at the Sheriff’s sale. Separate deeds and assignments were obtained from Ronald T. Phillips and Virginia Phillips on June 16, 1966, and June 21, 1966, respectively, Ronald Phillips *652 received $200 and Ms wife $125. The Phillipses advised Mr. Blackman, president of Community Capital, that they were receiving assistance from the board. During this period, Mr. Blackman, on behalf of the corporation, spoke to Mr. Gregory, assistant to the Commissioner, for the purpose of settling the welfare claim. Community Capital Corp. bid $2,900 at the execution sale but Dow Realty was the highest bidder at the sale.
Community Capital Corp. contends that, pursuant to CPLR 5236 (subd. [g], par. 2) it is entitled to the surplus under the assignments given by the Phillipses to all their rights to said money. CPLR 5236 (subd. [g]) provides that after deduction of certain expenses, “ unless the court otherwise directs, ” the Sheriff pay the proceeds to judgment creditors who have delivered executions to him and the surplus to the debtor. Consequently, the section provides for other claimants to assert their claims to moneys resulting from the sale as against the debtor.
Applying CPLR 5236 (subd. [g]) to the surplus fund here involved requires a determination as to whether or not a debtor who has sold his interests in a parcel of realty is entitled to the surplus. The answer obviously is that he is not. While one usually does not purchase property where there is an outstanding judgment, it has happened. Consequently, what interest did the Phillipses have when they assigned their rights to Community Capital Corp.
The agreement under which the deed to the Board of Public Welfare was delivered to the Franklin National Bank reads in part as follows:
“We * * * deliver to the Franklin National Bank a certain deed * * * to hold the same during our lifetime and upon or after our death, we direct the Franklin National Bank * * * to forward the said deed to the Board of Public Welfare of Nassau County.
“We hereby acknowledge that (it) is our intention to divest ourselves to all right to withdraw, revoke or reclaim the said described deed ”.
Under the circumstances, the giving of a mortgage and delivery of the deed and agreement, the Phillipses had only a life estate at the time they assigned to Community Capital Corp. The value of this interest is negligible in view of the fact that the mortgage to the Board was in default. Consequently, Community Capital Corp. should be given the sum of $325 and the balance of the surplus to the Department of Public Welfare who were in effect the holders of the fee.
The Social Welfare Law (§§ 103,104,104-a, 105,106) provides that the board may seize property, has a preferred claim against *653 any assets, has a lien on a recovery in a personal injury action, has a preferred claim on life insurance proceeds and may accept a mortgage and/or deed as security. The Phillipses and Community Capital Corp. were at least charged with notice of the provisions of the Social Welfare Law if not actual knowledge when the assignments to the surplus moneys were delivered. Further, Community had actual knowledge that the Phillipses owed money to the Department of Public Welfare and the Phillipses knew that they only had a life estate in the property with a right of redemption. It should be borne in mind that money realized as the result of an execution retains the nature of realty in that liens against the real property sold are transferred to said money. Consequently, the transaction of the Phillipses with Community Capital Corp. was tantamount to a fraudulent conveyance. They took money knowing that the Board of Public Welfare should get the surplus as an offset against the advances made to them.